UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MANUEL ALEJANDRO PATINO,<br><br>　　　　　　　　　　Defendant. | Case No.: 13cr2715-JAH<br><br>**ORDER**<br><br>**(1) DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582 (Doc. No. 51)**<br><br>**(2) DISMISSING MOTIONS FOR JUDGMENT AS MOOT (Doc. Nos. 54, 56, 58)** |

**INTRODUCTION**

Petitioner Manuel Alejandro Patino ("Petitioner"), appearing *pro se*, filed a "motion to modify a sentence" pursuant to 18 U.S.C. § 3582(c)(2). Doc. No. 51. The motion has been fully briefed by the parties. After a thorough review of the record, the submissions of the parties, and for the reasons set forth below, this Court hereby **DENIES** Petitioner's motion.

**BACKGROUND**

According to the Plea Agreement, Petitioner pled guilty to "knowingly and intentionally possess[ing] with intent to distribute. . . methamphetamine. . . in violation of Title 21, United States Code Section 841(a) (1)." Doc. No. 24 at 2. On December 3, 2013,

a sentencing hearing was held where the Court determined that Petitioner's base offense level to be 38, with a minus-three adjustment for acceptance of responsibility, and a minus-four departure for fast track, for a total offense level of 31. Doc. No. 41 at 18. Petitioner's criminal history score is zero and criminal history category is I. *Id*. Under the United States Sentencing Guidelines ("U.S.S.G"), the Court determined the sentence should range between 108-135 months in custody. *Id.* The Court sentenced Petitioner to 95-months in BOP custody, a sentence below the Guideline range. *Id.*

Petitioner appealed his sentence to the Ninth Circuit, arguing the Court erred by denying his request for a minor rule reduction pursuant to U.S.S.G. § 3B1.2 because "(1) [he] presented sufficient evidence to justify the reduction, and (2) the court improperly relied upon hearsay statements regarding his status as a recruiter to deny the reduction." Doc. No. 42 at 3. Petitioner also contended his sentence is substantively unreasonable. *Id.* The Ninth Circuit found the Court did not clearly err in denying the adjustment or in considering said statements. *Id.* The Ninth Circuit also determined that the Court did not abuse its discretions in imposing Petitioner's sentence. *Id.*

On January 13, 2015, Petitioner filed a Motion to Reduce Sentence pursuant to USSC 782. Doc. No. 43. Therein, Petitioner requests the Court give him the "opportunity to receive [the benefit of Amendment 782 to the Sentencing Guidelines], as I look forward to rehabilitate myself and be a productive member of society." *Id.* Petitioner did not cite to any case law or make any argument in support of his request.

The United States of America filed a response in opposition arguing Petitioner is not eligible for further reduction of his sentence, despite a total base offense level of 33 because a 4-level departure under fast track is not factored in the amended sentence calculations, and his original sentence is lower than his amended guideline range. *See* Doc. No. 47.

On June 15, 2018, Petitioner filed another Motion for Reduction pursuant to 18 U.S.C. § 3582. Doc. No. 51. The Court construes this pleading as amending the earlier pleading. There, Petitioner requests the Court consider the implications of Amendment 782 and the factors set forth in 18 U.S.C. 3553(a) in support of his re-sentencing. Doc. No. 51

2

13cr2715-JAH

at 2. Petitioner specifically requests the Court reduce his base offense level by two points, "and leave untouched all other previous factual decisions concerning particularized sentencing factors." *Id.*

Thereafter, Petitioner filed a reply to the United States response, where he reiterates he is entitled to a 4-level departure for fast track, a 3-level reduction for acceptance of responsibility, and a 13-month variance for age and lack of criminal history under 18 U.S.C. 3553(A). Doc. No. 52 at 1. The Petitioner argues that the Government erroneously omits the 4-level departure for fast track, after which his sentence would be 74-months. *Id.* at 3.

Petitioner also filed numerous motions requesting the Court issue an order on his pending motion to reduce his sentence. Doc. Nos. 54, 56, 58.

## LEGAL STANDARD

Petitioner moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. Amendment 782 generally reduces the base offense level for drug trafficking offenses in § 2D1.1(c) of the Sentencing Guidelines by two levels. *See* Amendment 782, Supplement to Appendix C, Amendments to the Guidelines Manual.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)). Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision. *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.") (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission

reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.' ") (quoting 18 U.S.C. § 3582(c)(2)).

In determining whether a sentence should be modified following amendment of the Guidelines, the Court should consider the term of imprisonment that it would have imposed had the amendment to the Guidelines been in effect at the time the particular defendant was sentenced. U.S.S.G. § 1B1.10(b). In addition, the Court must consider the 18 U.S.C. § 3553(a) factors[1] and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n. 1(B). The Court may also consider the defendant's post-sentencing conduct. *Id.* Career offenders may qualify for a sentence reduction under section 3582, but only if the amendment has the effect of lowering the applicable guideline range. *See generally United States v. Waters*, 648 F.3d 1114 (9th Cir. 2011).

## DISCUSSION

Petitioner's base offense level for a violation of 21 U.S.C. § 841(a) (1) is now 36 under § 2D1.1(c). With a 3-point reduction for acceptance of responsibility, Petitioner's adjusted offense level is a 33. Petitioner is not entitled to the Fast Track departure in the amended guidelines. *United States v. Aragon-Rodriguez,* 624 Fed. Appx. 542, 543 (9th Cir.

---

[1] Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... (5) any pertinent policy statement ... (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

2015) ("The text, structure, and commentary of the Guidelines as well as supporting case law support the conclusion that the 'amended guideline range' does not include departures from the sentencing guidelines, except a departure for substantial assistance to government authorities.") Therefore, the resulting applicable guideline range is 135 to 168 months.[2] In light of the fact that Petitioner's original sentence of 95-months is below the low-end of the amended guidelines calculation, he is not entitled to any further reduction in his sentence under section 3582.

## CONCLUSION

Based on all the above considerations, IT IS HEREBY ORDERED:

1. Petitioner's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 51), is **DENIED.**
2. Petitioner's motions requesting the Court issue a decision on his pending motion are dismissed as moot. (Doc. Nos. 54, 56, 58).

**IT IS SO ORDERED.**

DATED: January 20, 2020

_____
JOHN A. HOUSTON
United States District Judge

---

[2] The Court understands Petitioner believes he is entitled to a 13-month variance for age and lack of criminal history under 18 U.S.C. 3553(A). However, even with a 13-month decrease of his sentence at a total offense level of 33, the resulting amended guideline range would be 122-155 months.